# Fox Chase Bank *v.* Wayne Junction Trust Company, Appellant.

*Insurance—Title insurance—Indemnity against mechanics' liens—Attorney's fees—Contracts—Construction—Intention—Evidence—Agreement among lien creditors that one would purchase for all—Sheriff's sale—Validity—Notice—Action on lien.*

1. In an action on a contract of indemnity it is incumbent on the insured to establish the loss covered by the provisions of the contract.

2. Where a title company undertakes to indemnify the holder of a mortgage against mechanics' liens which might be filed against the mortgaged premises, and such liens are filed and to the holders of such liens is awarded the fund that otherwise would have paid the mortgagee, the mortgagee thereby sustains the very loss insured against and it is vain to offer opinion evidence to show that the market value of the mortgage was less than its face value.

3. In an action against a title insurance company on a policy indemnifying the holder of a mortgage from loss sustained by the filing of mechanics' liens against the mortgaged property it appeared that after mechanics' liens were filed the mortgage was foreclosed, the property sold and an auditor appointed to make distribution. The mortgagee notified the defendant to defend against the liens but it refused to do so and the mortgagee thereupon employed counsel by whose efforts the amount of the lien claims, which were allowed, was reduced. The mortgagee sought to recover for the unpaid balance due on its mortgage and for fees paid counsel for defending against the liens. Defendant offered to show that the market value of the mortgage was not as great as the face value and that the houses were not worth the amount they brought at the sheriff's sale. There was no evidence of fraud or collusion in the bidding at the sheriff's sale. *Held,* (1) the rights of the parties were determined by the amount realized from the sheriff's sale and the evidence as to the value of the mortgage and property was inadmissible, and (2) a verdict for the plaintiff will be sustained.

4. In such case an offer to show an agreement among mechanic lien creditors that one should bid for all was irrelevant, as not tending to show that the purchase was not bona fide, especially where there was no offer to prove that plaintiff had knowledge of such agreement.

5. In such case a provision in the policy requiring plaintiff to

notify defendant of any action or proceeding upon any lien, does not refer to the filing of such lien but to proceedings taken for its enforcement.

Argued March 20, 1917. Appeal, No. 381, Jan. T., 1916, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1914, No. 1777, on verdict for plaintiff, in case of The Fox Chase Bank v. Wayne Junction Trust Company. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on a policy of title insurance. Before BREGY, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $11,430.92 and judgment thereon. Defendant appealed.

*Errors assigned* were rulings on evidence and instructions to the jury.

*Wayne P. Rambo,* with him *Robert Mair* and *Ormond Rambo,* for appellant.—Defendant cannot be liable for more than the market value of plaintiff's $10,000 mortgage, with the houses finished free of liens: German-American Title & Trust Company v. Citizens Trust & Surety Company, 190 Pa. 247; Wheeler v. Equitable Trust Co., 206 Pa. 428; Faulkner v. McHenry, 235 Pa. 298; Stephen v. Penna. Casualty Co., 3 Am. & Eng. Ann. Cas. 478; Weightman v. Union Trust Co., 208 Pa. 449; Wheeler v. Equitable Trust Co., 221 Pa. 276; Whiteman v. Merion Title & Trust Co., 25 Pa. Superior Ct. 320; Central Trust & Sav. Co. v. Henry Kraan Furniture Co., 57 Pa. Superior Ct. 221.

The court erred in excluding evidence as to the market value of the mortgage held by the plaintiff bank, with houses finished free of liens: Moving Picture Co. of America v. Scottish Union & National Ins. Co. of Edinburgh, 244 Pa. 358.

*Abraham M. Beitler,* with him *George W. Harkins, Jr.,* for appellee.

OPINION BY MR. JUSTICE WALLING, May 22, 1917:

This action is on a special policy of indemnity against liens and the noncompletion of a building operation. In 1911, Seward L. Bowser undertook to build seventeen houses on Duncannon avenue, Philadelphia, and placed a first mortgage of about $15,000.00 upon the land. At the same time and seemingly for the same indebtedness he also gave mortgages upon the individual lots. Thereafter, and while the houses were in process of construction, he secured a loan of $10,000.00 from plaintiff, for which he gave his individual note, and as collateral thereto a second mortgage upon said property, and, as additional security, defendant at the same time gave plaintiff its special policy of insurance in $10,000.00, conditioned in effect to indemnify and keep harmless the said Fox Chase Bank (the insured) from all loss or damage it might sustain by reason only of the filing of any mechanics and municipal claims against, or the noncompletion of, the buildings to be erected within six months from the date thereof upon the property in question. Bowser failed financially and never completed the houses or any of them. However, one house was sold for $600.00 subject to the first mortgage and it was released from plaintiff's mortgage and the amount credited on the $10,000.00 indebtedness, which reduced the same and also the liability on the policy to $9,400.00.

Mechanics' liens amounting to about $22,000.00 were filed against the houses and their respective lots. These liens had priority over plaintiff's mortgage, on which mortgage foreclosure proceedings were instituted and thirteen of the houses and lots sold by the sheriff on September 16, 1912. On the same day the sheriff also sold the three remaining houses by virtue of writs issued on mortgages prior to the mechanics' liens; of which proceedings and sales defendant had due notice,

Plaintiff became the purchaser of six of the houses so sold and the other ten were bought by a representative of the mechanics' lien creditors. The sales, made subject to prior mortgages, realized more than sufficient to pay plaintiff's claim in full, except for the mechanics' liens.

The amount was paid to the sheriff and an auditor appointed to make distribution. The policy made it the duty of the Wayne Junction Trust Company, at its own cost, on notice, to defend the insured in all actions and proceedings founded on a claim of title or lien, etc., insured against. Pursuant to this, plaintiff notified defendant of the liens and proceedings before the auditor; the trust company declined to appear and defend against such liens but warned plaintiff to do so, and the latter employed counsel, who succeeded in reducing the amount of such liens by about $10,000.00. According to the auditor's report, after payment of all valid liens and other legitimate expenses, a balance of $177.55 was left, which was awarded to plaintiff's mortgage. The auditor's report was confirmed by the proper court and no appeal was taken therefrom. The plaintiff brought this suit on the policy to recover the balance of the Bowser claim and also $750.00 paid counsel for services before the auditor. Plaintiff limited its claim to alleged loss on account of the liens and made no claim because of failure to complete the houses. Among the matters interposed in defense was the allegation that the houses were not worth the amount they brought at the sheriff's sales. The trial judge admitted evidence as to the market value of the six houses bought by plaintiff, but rejected that offered as to the other ten. The jury found for the plaintiff for the full amount of the claim, which implied a finding that the six houses were bought at their fair value. This appeal is from the judgment entered on the verdict. We have examined the thirty-five assignments of error but find nothing that calls for a reversal.

True, this being a contract of indemnity, it is incumbent on the insured to establish a loss covered by its provisions: Moving Picture Co. of America v. Scottish Union & National Ins. Co. of Edinburgh, 244 Pa. 358; Wheeler v. Equitable Trust Company, 221 Pa. 276; Central Trust & Savings Co. v. Henry Kraan Furniture Co., 57 Pa. Superior Ct. 221. But defendant did undertake to indemnify plaintiff against mechanics' liens, and such liens were filed, and to them was awarded by final judicial decree the funds that otherwise would have paid plaintiff's claim. Thereby it sustained the very loss insured against; and, in the face of the fact that such fund was realized by bona fide judicial sales and actually paid to the sheriff for distribution, it is vain to offer opinion evidence tending to show that the market value of plaintiff's mortgage was less than its face value, or that the houses in question would have been worth less finished than they sold for at the sheriff's sales. Plaintiff's loss was the fund it failed to receive because of the liens, and not what someone might estimate the market value of the mortgage or property. It is not necessary to estimate the value of property when the rights of the parties have been determined by its actual value as shown by a judicial sale. In such case the rights of the parties are determined by the amount realized from the sale of the property: Wheeler v. Equitable Trust Company, supra. There was no offer or attempt to prove plaintiff was a party to any fraud or collusion at the sheriff's sales. In fact, as above stated, the trial judge admitted evidence tending to show the value of the houses bought by plaintiff; and the offer to show that there was an agreement among the mechanics' lien creditors that one should bid for all was irrelevant, as it did not tend to prove that the purchase by such party was not bona fide; or that such fact affected the amount of the bid; and, in any event, there was no offer to show that plaintiff had knowledge of such alleged agreement.

In our opinion the provision in the policy, requiring

plaintiff to notify defendant of any action or proceeding founded upon any lien, does not refer to the filing of such lien but to proceedings taken for its enforcement. As the Wayne Junction Trust Company declined to make defense against the mechanics' liens, but insisted that plaintiff must do so, we see no reason why the latter should not recover the expense thereby incurred. Complaint is made as to alleged inconsistencies in rulings of the trial court. If so they do not seem to refer to any matter affecting the result of the case, or to be material. As plaintiff's claim is still unpaid no question of subrogation has arisen. The authorities relied on by appellant do not seem to sustain its contention.

The assignments of error are overruled and the judgment is affirmed.