West Philadelphia Stock Yard Co. *v.* Maryland
Casualty Co., Appellant.

Argued October 2, 1930.

Before Trexler, P. J.,

460

KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Thomas J. Clary,* and with him *Richard A. Smith* and *Louis Wagner,* for appellant.

*Theodore F. Jenkins,* for appellee.

OPINION BY TREXLER, P. J., December 12, 1930:

The lower court entered judgment for want of a sufficient affidavit of defense.

Plaintiff was engaged in the business of maintaining a stock yard for receiving livestock and delivering it to its customers throughout Philadelphia, and had taken out a "general liability" policy in defendant company. On March 17, 1926, it delivered some steers to a slaughter house within the city and as they were being unloaded, one of them escaped and injured two persons who thereafter brought suit against the company. The basis of both suits was negligence on the part of the defendant's servants in allowing the cattle to break loose and it was claimed that as this had happened in the conduct of the plaintiff's business, liability ensued.

The suits resulted in favor of the stock yard company who then brought this present suit against the

insurance company to recover the expenses incurred in defeating the claims. The company's defense is that the injuries caused by the steer were not covered by the policy, that the accident came within the provision of the policy, excluding automobile operations. The general liability clause of the policy covered the place where the plaintiff's operations were carried on "and elsewhere." The clause under which the defendant claims exemption from liability reads as follows: "This agreement does not cover any accident directly or indirectly caused by any automobile, vehicle or by any draught or driving animal or vehicle owned or used by the assured, or by any employee of the assured in charge of such or any such vehicle or animal, unless such accident occurs upon premises owned by or under the control of the assured, or on the public ways immediately adjacent thereto, etc."

It is very evident that the escape of a steer in the process of unloading is not an "automobile accident" in common parlance, and we are not called upon to give the term a broad meaning in order to allow the company to escape liability. We quote from the opinion of the court below:

"The policy was one issued to cover the plaintiffs against accidents in the conduct of their stockyard business. This includes the reception of cattle at the yards, their care while there, and their delivery to their customers. The intention ...... was to except the company from liability for accidents during transit, that is, the liability that attaches to careless driving of automobiles. This is evident from the reference to automobiles and draught animals and vehicles. That sort of insurance is entirely different from insurance against accidents occurring in the conduct of the business of the assured."

"If assured's drivers negligently collided with someone, the accident was not covered. But if they conducted the assured's business of delivering stock negligently, this was covered. As the accident is described, the automobile journey was ended. The truck had arrived at the customer's place of business. It was while delivering the steers from the truck that one of them escaped and did the damage complained of. That is, it was the handling of the steers, not the driving of the truck, that did the harm."

Apart from this, the defendant was under obligation to defend the suit on behalf of the stock company. It was not the actual details of the accident, but the nature of plaintiff's claim against the stock company which determined whether the company was required to defend.

The policy states as one of the duties of the company: "To defend in the name and on behalf of the assured any suits or other proceedings which may at any time be instituted against the assured on account of such injuries, including death resulting therefrom, including suits or other proceedings alleging such injuries or death and demanding damages therefor, although such suits, proceedings, allegations and demands are wholly *groundless, false* or *fraudulent;* but the company reserves the right to settle any such suit."

The plaintiffs in the accident cases did not seek to recover for any matter referring to the careless handling of the automobile. They alleged negligence in the delivery of the steer. Even if the statements of cause of action did not agree with the state of facts averred in defendant's affidavit and for present purposes assumed to be true, the company was bound to

defend. If the allegations were "groundless, false or fraudulent," the company must nevertheless assume the burden of the trial and the expenses incident thereto.

The judgment is affirmed.