## Stalone v. Continental Insurance Company

*Bernard DiGiacomo*, for plaintiff.
*William H. Kinkead, 3rd*, for defendant.

TREDINNICK, J., November 18, 1971.—Plaintiff (Stalone) in this equity action seeks to compel defendant (insurance company) to defend him in a trespass action pending in this county, and to reimburse him for attorney's fees incurred to date.

Defendant's preliminary objections and motion for judgment on the pleadings were denied, and, after hearing, the matter is before us for adjudication.

Stalone is a 75-year-old retired stone mason. He and his wife own and reside in a modest row home worth perhaps $5,000. He has no savings or investments.

In July 1968, in accordance with his practice the preceding three years, at the request of "the committee" in charge of the celebration of a feast day for Our Lady of Mt. Carmel Roman Catholic Church (Church), Stalone set off fireworks in the Bridgeport public park.

He received no compensation for his efforts, and none was expected. A youngster apparently handled a firework which had failed to explode after having been propelled into the air, and was seriously injured when it exploded in his hand. This was the origin of the suit in which Stalone finds himself named as a defendant: Flisek v. Star Fireworks, Inc. et al., no. 70-4056. Pleadings in that suit indicate that one of the issues in the case is whether Stalone was an agent of the church or of Star Fireworks, Inc.

Stalone's private counsel endeavored to persuade the insurance company, the insurance carrier for the church, that it owed a duty to Stalone to defend him, and to pay on his behalf any verdict rendered against him on the theory that Stalone was an agent of the church and thus an insured. These efforts were unavailing. As a result, Stalone's counsel has undertaken the defense, and has afforded Stalone services reasonably worth $2,234 to date, including services in the present action. The insurance policy issued to the church for the period in question provided, with respect to coverage, the following:

(a) "II. *Persons Insured*
"Each of the following is an insured under this insurance to the extent set forth below . . . (c) if the named insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;"

(b) "*Endorsement #3*
"The Name of the Insured is to read as follows:
"His Eminence, John Cardinal Krol, Archbishop of Philadelphia, and/or his successor, and Our Lady of Mount Carmel R.C. Parish, Bridgeport, Pa. and

Rev. Edward J. Craney, Individually and as Pastor of the aforementioned Parish."

It has long been the law in this Commonwealth that in situations such as this, even assuming the claim asserted against a plaintiff is actually within the coverage of the insurance policy, plaintiff may not compel the carrier to defend, but will be relegated to his remedy at law, a contract action against the carrier after damages have been fully ascertained. If the insurer wrongfully refuses to defend and pay any verdict rendered against an insured, the insurer is guilty of a breach of contract, rendering it liable for all damages consequentially flowing from that breach: Springfield Township v. Indemnity Ins. Co. of N.A., 361 Pa. 461 (1949); Conroy v. Commercial Casualty Ins. Co., 292 Pa. 219 (1928); Fox Chase Bank v. Wayne Junction Trust Co., 258 Pa. 272 (1917).

Notwithstanding the apparent clarity of the law in this respect, the insurance company's preliminary objection in the nature of a demurrer and its motion for judgment on the pleadings were overruled. This result obtained because of this court's feeling that plaintiff, the alleged insured, should have an opportunity to establish a record proving: (1) that he was indeed an insured, (2) that he had sustained, and would in the future sustain, losses, and (3) that these losses could not be adequately compensated at law.

Whether, in a case clearly establishing the first two requisites, we would consider the question of adequacy of legal remedy in this context, we need not state. For it is clear that in this case, plaintiff has faltered in his proof that he was, in fact, an insured.

However, under the circumstances, we make no findings with respect to plaintiff's agency relationship, nor with respect to the question of whether plaintiff is ultimately entitled to relief from defendant, pre-

ferring to leave these matters open for final determination in the trespass action now pending and in such future litigation as plaintiff may choose to initiate. Thus, in order that this proceeding shall in no way foreclose plaintiff's right to fully litigate the issue in a contract action at the appropriate time, the complaint will be dismissed and a decree entered in favor of defendant on the basis that plaintiff has an adequate remedy at law, and upon that ground alone.

## DECREE NISI

And now, November 18, 1971, the complaint in equity is dismissed. Unless exceptions are filed hereto within 20 days as provided by rule of court, the decree shall become final as of course.

## ORDER SUR EXCEPTIONS

And now, January 10, 1973, after consideration of brief and argument, plaintiff's exceptions to the decree nisi are dismissed, and said decree is entered as the final decree.