

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-13-2004

# Mark I Restoration v. Assurance Co of Amer

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2070

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Mark I Restoration v. Assurance Co of Amer" (2004). *2004 Decisions.* Paper 236.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/236

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 03-2070

———

MARK I RESTORATION SVC,
                                                    Appellant

v.

ASSURANCE COMPANY OF AMERICA

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 02-cv-03729)
District Judge:  Hon. Cynthia M. Rufe

———

Submitted Under Third Circuit LAR 34.1(a)
October 7, 2004

Before:  SLOVITER, VAN ANTWERPEN and COWEN, Circuit Judges

(Filed October 13, 2004)

———

OPINION OF THE COURT

SLOVITER, <u>Circuit</u> <u>Judge</u>.

Appellant Mark I Restoration SVC appeals from the District Court's order dismissing with prejudice its complaint against the Assurance Company of America for failure to state a claim upon which relief can be granted.[1] Finding no error, we affirm.

**I.**

The case at bar stems from an underlying action filed by Christine Broadwell against Nationwide Mutual Fire Insurance Company and Work Restoration, Incorporated in a Pennsylvania state court. After Broadwell's home was purportedly damaged through skunk infestation, she made a claim for coverage to Nationwide. In response, Nationwide hired Work Restoration to deodorize and remediate Broadwell's home. In turn, Work Restoration subcontracted portions of this work to Mark I. In her complaint, Broadwell alleged that Work Restoration misused chemicals thereby causing her bodily injury.

By way of a third party complaint, Work Restoration joined Mark I as a defendant to Broadwell's suit, alleging that Mark I introduced certain chemicals and deodorizers while performing work in Broadwell's residence. Work Restoration averred that if it were ultimately found liable for Broadwell's injuries, Mark I would be liable to it for contribution and indemnification.

At all times relevant to this action, Mark I was insured under a liability policy issued by Assurance. Pursuant to this policy, Mark I sought coverage for Work

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332; this court has jurisdiction pursuant to 28 U.S.C. § 1291.

2

Restoration's claims. Assurance refused to provide Mark I with a legal defense, citing the "pollution exclusion clause" in the policy.

After successfully defending against Work Restoration's third party complaint in state court, Mark I filed a complaint against Assurance in federal court on the basis of diversity jurisdiction, seeking a declaratory judgment and alleging bad faith. The District Court granted Assurance's motion to dismiss the complaint with prejudice. Mark I Restoration SVC v. Assurance Co. of America, 248 F. Supp. 2d 397 (E.D. Pa. 2003). This timely appeal followed.

## II.

This court reviews a district court's resolution of a motion to dismiss for failure to state a claim de novo. A dismissal for failure to state a claim is appropriate only if it "appears beyond doubt that [the complainant] can prove no set of facts in support of [its] claim which would entitle [it] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). We must apply Pennsylvania law.

In Count I of its complaint, Mark I sought a declaratory judgment that Assurance had a duty to defend it against Work Restoration's complaint. It has long been the law in Pennsylvania that the nature of the allegations contained in a complaint filed against a policyholder control whether an insurer must provide a defense. Roman Mosaic & Tile Co. v. Aetna Cas. & Sur. Co., 704 A.2d 665, 668 (Pa. Super. Ct.1997). Stated otherwise, "[i]t is not the actual details of the injury, but the nature of the claim which determines

3

whether the insurer is required to defend." Springfield Township v. Indem. Ins. Co. of North Am., 64 A.2d 761, 762 (Pa. 1949). Thus, a court determines an insurer's duty to defend by analyzing the factual allegations in the complaint pending against the insured and determining whether those allegations state a claim conceivably falling within the coverage of the controlling policy. Mutual Benefit Ins. Co. v. Haver, 725 A.2d 743, 745 (Pa.1999).

In dismissing Mark I's complaint, the District Court held that a "pollution exclusion" clause contained in the controlling policy absolved Assurance of a duty to defend. Under this clause, coverage does not extend to lawsuits complaining of "'[b]odily injury' or 'property damage' arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants." App. at 108. The policy defines "pollutants" as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste." App. at 105.

Mark I sets forth two arguments as to why the District Court erred. First, Mark I contends that, the pollution exclusion aside, Assurance had a duty to defend because Work Restoration's complaint contained allegations apart from those related to the application of potential "pollutants." Second, addressing the pollution exclusion clause directly, Mark I argues that the clause is ambiguous and therefore must be construed against Assurance.

4

### A. The Scope of Work Restoration's Allegations Apart from the Pollution Exclusion

Mark I maintains that certain of the claims pending against it sounded in theories that did not involve the negligent introduction of potential "pollutants" and, therefore, regardless of the pollution exclusion, the District Court's ruling was in error. See Nationwide Mut. Fire Co. v. Shank, 951 F. Supp. 68, 71 (E.D. Pa. 1997). Work Restoration's third party complaint alleged that Mark I:

> [P]erformed work at [Broadwell's] residence and introduced certain chemicals, deodorizers, odor eliminators, and/or other foreign substances in an attempt to eliminate [Broadwell's] house odor problems . . . . If [Broadwell's] claims are proven . . . then the same arose in whole or in part by the negligent acts or omissions of . . . Mark I . . . including but not limited to the application, spraying and dispersal of chemicals, deodorizers, odor eliminators, and/or other foreign substances.

App. at 262-63 (emphasis added). Mark I further notes that Broadwell's underlying complaint alleged that Work Restoration failed to train and properly supervise its agents and employees and that it failed properly to warn Broadwell – allegations sounding in theories broader than the negligent use of purported pollutants. Citing the "including but not limited to" language of the third party complaint, Mark I maintains that Work Restoration incorporated against it the full panoply of the allegations contained in the Broadwell complaint, thereby incorporating allegations in addition to the purported spraying or dispersal of "pollutants."

However, as the District Court correctly held, Work Restoration's complaint did not incorporate against Mark I the allegations of the Broadwell complaint. Mark I

5

Restoration SVC, 248 F. Supp. 2d at 401; see also Pa. R. Civ. P. 1019(g).[2] Moreover, even if the allegations of the Broadwell complaint were somehow incorporated against Mark I, all of Broadwell's claims "rest upon the fundamental averment" that Broadwell suffered personal injury due to her exposure to potential "pollutants" and therefore, regardless of the precise legal theory the allegations may take, they undoubtedly implicate the pollution exclusion clause. Madison Constr. Co. v. Harleysville Mut. Ins. Co., 735 A.2d 100, 109-10 (Pa. 1999). Under the controlling policy, coverage does not extend to any personal injuries "arising out of" the dispersal of pollutants. Thus, even though certain of Broadwell's allegations sounded in theories such as failure to warn or failure to train, the injuries Broadwell allegedly suffered thereby certainly "ar[ose] out of" the dispersal of potential "pollutants." Id. At bottom then, even if Work Restoration's third party complaint did incorporate against Mark I the broader negligence allegations of the Broadwell complaint, those broader theories nonetheless implicated the pollution exclusion clause.

**B.      Whether the Pollution Exclusion Clause is Ambiguous**

Next, addressing the pollution exclusion clause directly, Mark I argues that the

---

[2]     Mark I's reliance on Fed. R. Civ. P. 10(c), which pertains to "Adoption by Reference" and "Exhibits," is misplaced because Work Restoration's third-party complaint and the underlying Broadwell complaint were filed and prosecuted in Pennsylvania state court. Thus, whether Work Restoration's third-party complaint incorporated by reference the Broadwell complaint and thereby triggered in Assurance the duty to defend were questions controlled by the Pennsylvania Rules of Civil Procedure, specifically Pa. R. Civ. P. 1019, rather than by the Federal Rules of Civil Procedure.

6

clause is ambiguous and therefore unenforceable as applied to the allegations contained in Work Restoration's third party complaint. Specifically, Mark I argues that the materials that Work Restoration alleged that it sprayed and dispersed are not clearly identified in the complaint and may have been innocuous items, thereby presenting an ambiguity as to whether those items are "pollutants" as defined by the policy.

Terms in an insurance contract are "ambiguous if they are subject to more than one reasonable interpretation when applied to a particular set of facts." Wagner v. Erie Ins. Co., 801 A.2d 1226, 1231 (Pa. Super. Ct. 2002), aff'd, 847 A.2d 1274 (Pa. 2004) (mem.). Thus, the question of ambiguity is "not . . . to be resolved in a vacuum." Madison Const. Co., 735 A.2d at 106. Rather, this court must analyze the disputed policy terms in the context of the facts alleged in the complaint filed against Mark I.

Again, the policy defines pollutants as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste." App. at 105. Taken in context, and with reference "to a particular set of facts," Madison Constr. Co., 735 A.2d at 107, this language is not ambiguous. Work Restoration's complaint alleged that Mark I introduced "chemicals, deodorizers, odor eliminators, and/or other foreign substances" at the Broadwell residence. App. at 262. Although the terms "chemicals, deodorizers, odor eliminators, and/or other foreign substances," are conceptually quite broad and certainly may, in theory, include benign substances rather than "pollutants," the specific nature of the claim alleged against Mark I

7

prevents this court from engaging in such untethered speculation. Rather, as used in the third party complaint, the terms "chemicals, deodorizers, odor eliminators, and/or other foreign substances" unambiguously refer to the "'irritant[s] or contaminant[s]'" described as "pollutants" in the policy.

To be sure, Work Restoration's third party complaint does not identify the specific product or products that it alleges Mark I to have introduced into the Broadwell home. Mark I argues that, because of this lack of identification, one cannot know whether such substances qualify as "pollutants" under the Assurance Policy. In support of this proposition, Mark I references the following language from the Supreme Court of Pennsylvania:

> We determine first whether the policy's definition of "pollutant" applies unambiguously to the floor sealant or curing compound known as Euco Floor Coat. The pertinent inquiry is not, as Madison contends, whether the policy's definition of "pollutant" is so broad that virtually any substance, including many useful and necessary products, could be said to come within its ambit. Rather, guided by the principle that ambiguity (or the lack thereof) is to be determined by reference to a particular set of facts, <u>we focus on the specific product at issue</u>.

<u>Madison Const. Co.</u>, 735 A.2d at 107 (emphasis added). Mark I reads this passage as establishing a rule that unidentified substances necessarily cannot constitute pollutants under pollution exclusion clauses. We cannot accept Mark I's interpretation.

The <u>Madison Const. Co.</u> court's admonition to "focus on the specific product at issue" was a response to the insured's argument that the definition of "pollutant" in the insurance policy at issue was ambiguous because it was conceptually broad enough to

8

encompass virtually any substance. The passage quoted above was merely included to reenforce the court's principal holding that policy language must be construed in perspective of the particular facts implicated. The court did not, contrary to Mark I's argument, establish a per se rule that unidentified substances cannot be pollutants. We are confident, therefore, that the Supreme Court of Pennsylvania, if confronted with the pollution exclusion clause in the context of Work Restoration's allegations against Mark I, would find the clause unambiguous notwithstanding the fact that the third party complaint fails to identify the at-issue substances with any additional particularity. See McKenna v. Pac. Rail Serv., 32 F.3d 820, 825 (3d Cir. 1994) (noting that federal court sitting in diversity must predict how highest state court would rule on issue presented).

**III.**

Finally, in Count II of its complaint, Mark I alleged that, in refusing to defend against Work Restoration's third party complaint, Assurance acted in bad faith and thereby violated 42 Pa. Cons. Stat. § 8371. Liability under 42 Pa. Cons. Stat. § 8371 requires a showing that the insurer lacked a reasonable basis for denying benefits and that the insurer knew or recklessly disregarded its lack of a reasonable basis for denial. Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994). Here, Mark I alleges that Assurance breached its duty to act in good faith by denying coverage and by not conducting an adequate and reasonable investigation of the claim. Mark I's arguments, however, are contrary to law.

9

As this court has previously noted, where there is no duty to defend an insured against a suit, the insurer obviously has good cause to decline to defend. <u>Frog, Switch, & Mfg. Co., Inc. v. Traveler's Ins. Co.</u>, 193 F.3d 742, 751 n.9 (3d Cir. 1999). As explained above, Assurance had no duty to defend Mark I against Work Restoration's third party complaint. Moreover, under Pennsylvania law, an insurance company has no responsibility to investigate beyond the four corners of the complaint. <u>Scopel v. Donegal Mut. Ins. Co.</u>, 698 A.2d 602, 607 (Pa. Super. Ct. 1997).

## IV.

For these reasons, we will affirm the District Court's dismissal of Mark I's complaint for failure to state a claim. Moreover, because any attempt to amend would have been futile, the District Court's "with prejudice" dismissal was not error. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).