# Lanigan v. T.H.E. Insurance Co.

C.P. of Lawrence County, No. 11250 of 2010, C.A.

*Paul R. Robinson,* for plaintiff
*John T. Pion,* for defendants

PICCIONE, *J.,* March 28, 2013—Before the court for disposition are competing motions for summary judgment filed on behalf of the plaintiff, William Michael Lanigan (hereinafter, "plaintiff"), and the defendant, T.H.E. Insurance Company (hereinafter, "defendant"). The current action arises from an insurance claim submitted by plaintiff to defendant following a motor vehicle accident involving the plaintiff at the Mercer Raceway Park on March 31, 2007.

Plaintiff was driving a race car at the Mercer Raceway Park on March 31, 2007. While plaintiff was participating in a race on that date, the throttle of his race car stuck causing plaintiff's car to strike the catch fence along the race track. Samuel Ketcham and Steven W. Guthrie, Jr. were standing on the opposite side of the catch fense when plaintiff lost control of his race car. Mr. Ketcham suffered serious injuries and Mr. Guthrie died as a result of the accident.

Mr. Ketcham and the estate of Steven W. Guthrie, Jr. filed personal injury lawsuits against plaintiff and Mercer Raceway Park. Plaintiff contacted defendant and requested defendant provide plaintiff with insurance liability coverage, including a defense against the estate of Steven Guthrie, Jr., and Mr. Ketcham under insurance policies that defendant issued to Mercer Raceway Park. Defendant declined coverage for plaintiff. On August 18, 2010, plaintiff initiated the present action against defendant, asserting breach of contract and bad faith claims in his complaint. Defendant subsequently filed an answer and

new matter, followed by a reply and new matter from plaintiff. Defendant filed a motion for judgment on the pleadings on March 31, 2011, which was denied by order of court and opinion dated July 8, 2011. A subsequent motion for judgment on the pleadings filed by plaintiff was also denied by order of court dated August 11, 2011.

Defendant filed a motion for summary judgment on November 26, 2012. On January 22, 2013, Plaintiff also filed a motion for summary judgment. The two motions for summary judgment were consolidated for argument on February 25, 2013, and are presently before the court for a determination.

Under Pennsylvania law, the standard for summary judgment is set forth by Rule 1035.2 of the Pennsylvania Rules of Civil Procedure. The Rule states:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2. The moving party bears the burden of proving that no genuine issue of material fact exists. *Rush v. Philadelphia Newspapers, Inc.,* 732 A.2d 648, 650 (Pa. Super. 1999). In determining whether summary judgment is appropriate, the trial court is required to view the record in a light most favorable to the non-moving party, and "all doubts as to the existence of a genuine issue of material fact must be resolved in favor of the nonmoving party." *P.J.S. v. Pennsylvania State Ethics Comm'n,* 732 A.2d 174 (Pa. 1999) (citing *Kapres v. Heller,* 640 A.2d 888 (Pa. 1994)). Summary judgment is proper only when the uncontroverted allegations of record and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. *Potter v. Herman,* 762 A.2d 1116, 1117 (Pa. Super. 2000).

The crux of the issue presently before the court is based on whether Mr. Guthrie and Mr. Ketcham were "participants" at the time of the accident. The parties do not dispute that plaintiff was a participant in the race on March 31, 2007. Plaintiff argues that defendant had a duty to defend plaintiff in the personal injury actions initiated by Mr. Ketcham and the estate of Steven W. Guthrie, Jr. based upon the facts asserted in their respective complaints against plaintiff. Defendant alternatively asserts that it had sufficient information at the time the complaints were initiated to establish that plaintiff, Mr. Guthrie and Mr. Ketcham were all "participants" in the race when the accident occurred. Defendant contends that, as a result, plaintiff is not owed coverage under the language of the policies issued to Mercer Raceway Park for this reason.

An insurer's duty to defend is broader than its duty to

indemnify. *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.,* 908 A.2d 888 (Pa. 2006); *General Acc. Inc. Co. of America v. Allen,* 692 A.2d 1089, 1095 (Pa. 1997). It is a distinct obligation, separate and apart from the insurer's duty to provide coverage. *Erie Ins. Exch. v. Transamerica Ins. Co.,* 533 A.2d 1363 (Pa. 1987). An insurer is obligated to defend its insured if the factual allegations of the complaint on its face encompass an injury that is actually or potentially within the scope of the policy. *Id.* at 1368 (describing the duty to defend as arising "whenever the complaint filed by the injured party may potentially come within the coverage of the policy." (emphasis in original)); *Gedeon v. State Farm Mut. Auto. Ins. Co.,* 188 A.2d 320 (Pa. 1963); *Cadwallader v. New Amsterdam Cas. Co.,* 152 A.2d 484, 488 (Pa. 1959) ("It is clear that where a claim potentially may become one which is within the scope of the policy, the insurance company's refusal to defend at the outset of the controversy is a decision it makes at its own peril."). As long as the complaint "might or might not" fall within the policy's coverage, the insurance company is obliged to defend. *Casper v. Am. Guar. & Liab. Ins. Co.,* 184 A.2d 247, 249 (Pa. 1962) (quoting Judge Learned Hand's assertion in *Lee v. Aetna Casualty & Surety Company,* 178 F.2d 750, 752 (2d Cir. 1949)). Accordingly, it is the potential, rather than the certainty, of a claim falling within the insurance policy that triggers the insurer's duty to defend.

The question of whether a claim against an insured is potentially covered is answered by comparing the four corners of the insurance contract to the four corners of the complaint. See *Donegal Mut. Ins. Co. v. Baumhammers,* 938 A.2d 286, 290 (Pa. 2007) ("The language of the

policy and the allegations of the complaint must be construed together to determine the insurers' obligation."). An insurer may not justifiably refuse to defend a claim against its insured unless it is clear from an examination of the allegations in the complaint and the language of the policy that the claim does not potentially come within the coverage of the policy. See *Allen,* 692 A.2d at 1094 ("[T]he obligation to defend an action brought against the insured is to be determined solely by the allegations of the complaint in the action...."); *Gene's Restaurant, Inc. v. Nationwide Ins. Co.,* 548 A.2d 246, 246-47 (Pa. 1988) ("[I]n determining the duty to defend, the complaint claiming damages must be compared to the policy...the language of the policy and the allegations of the complaint must be construed together to determine the insurer's obligation."); *Springfield Tp. et al. v. Indemnity Ins. Co. of North America,* 361 Pa. 461, 64 A.2d 761 (Pa. 1949) ("It is not the actual details of the injury, but the nature of the claim which determines whether the insurer is required to defend."). In making this determination, the "factual allegations of the underlying complaint against the insured are to be taken as true and liberally construed in favor of the insured." *Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co.,* 193 F.3d 742 (3d Cir.1999). Indeed, the duty to defend is not limited to meritorious actions; it even extends to actions that are "groundless, false, or fraudulent" as long as there exists the possibility that the allegations implicate coverage. *Transamerica,* 533 A.2d at 1368.

Whether a complaint raises a claim against an insured that is potentially covered is a question to be answered by the insurer in the first instance, upon receiving notice

of the complaint by the insured. *American and Foreign Ins. Co. v. Jerry's Sport Center, Inc.,* 2 A.3d 526, 541-42(Pa. 2010). Although the question of whether the claim is covered may be difficult, it is the insurer's duty to make that decision. *Id.* The insurer's duty to defend exists until the claim is confined to a recovery that the policy does not cover. *Id.* at 542. If the insurer believes there is no possibility of coverage, then it should deny its insured a defense because the insurer will never be liable for any settlement or judgment. This would allow the insured to control its own defense without breaching its contractual obligation to be defended by the insurer. If, on the other hand, the insurer is uncertain about coverage, then it should provide a defense and seek declaratory judgment about coverage. *Id.*

Turning to the case sub judice, the court will first address the merits of plaintiff's bad faith claim. Transactions between an insurance company and the insured require "the utmost fair dealing" and good faith. *Berg v. Nationwide Mut. Ins. Co.,* 44 A.3d 1164 (Pa. Super. 2012) (quoting *Dercoli v. Pennsylvania Nat. Mut. Ins. Co.,* 554 A.2d 906, 909 (1989)). Further, an insurance company is obligated to act in good faith at all times and treat the insured in a fair manner. *Id.* Under Pennsylvania law, recovery for bad faith "requires clear and convincing evidence of bad faith, rather than mere insinuation, and a showing by the insured that the insurer did not have a reasonable basis for denying benefits." *Bergman v. United Svc. Automobile Assoc.,* 742 A.2d 1101, 1106 (Pa. Super. 1999). Furthermore, an insurer is not required to show that its investigation "yielded the correct conclusion or even that its conclusion was more likely than not accurate...

rather an insurance company must show it conducted a review or investigation sufficiently thorough to yield a reasonable foundation for its action." *Empire Fire & Marine Ins. Co. v. Jones*, 739 F. Supp.2d 746, 767 (E.D. Pa. 2010) (quoting *Cantor v. Equitable Life Assurance Soc'y*, 1999 WL 219786 (E.D. Pa. 1999).

The applicable provisions of defendant's commercial general liability insurance policy with Mercer Raceway Park states as follows:

II. Exclusions: The following exclusions are in addition to those already set forth:

This insurance does not apply to any loss on any premises owned by, rented to, or controlled by any insured for any of the follow:

(8) bodily injury or property damage to any participant against another participant while practicing for or participating in a racing program, which is sponsored by the insured.

III. PERSON INSURED: Form CG0001, Section II WHO IS AN INSURED is amended to include as an insured, any automobile owner, sponsor, or participant(s) while participating in a Covered Program, however no owner, sponsor, or participant is insured for bodily injury to another owner, sponsor or participant or property damage to the property of another owner, sponsor or participant.

IV. ADDITIONAL DEFINITIONS: For purposes of this endorsement, "participant" shall be defined as

individuals who have registered to and actually do engage in the racing activity provided under the INSURED'S PROGRAM-including drivers, mechanics, pitmen, race officials, flagmen, announcers, ambulance crews, newsmen, photographers, gate workers, and all other person bearing duly and officially signed credentials and/or guest pit passes for the program.

While the court was confined only to consider the pleadings when this case was previously before the court on defendant's motion for judgment on the pleadings, the court can now properly consider facts obtained during the discovery process. Those facts clearly establish that on March 31, 2007, Mr. Guthrie and Mr. Ketcham purchased a pit pass, signed a release form, and wore an arm band designating their right to access the pit area of the Mercer Raceway. A strict interpretation of the insurance policy issued to Mercer Raceway characterizes Mr. Guthrie and Mr. Ketcham as "participants" at the time of the accident on March 31, 2007 based upon these facts and the language contained in the insurance policy as set forth above.

The court concludes that based upon the evidence available to defendant immediately following the March 31, 2007 accident, defendant made a reasonable determination that plaintiff was not entitled to a defense or coverage under the existing policy issued to Mercer Raceway. The record demonstrates that defendant investigated the facts underlying plaintiff's claims prior to the commencement of the personal injury actions against plaintiff and reasonably concluded that there was no coverage for those claims under that policy. Accordingly,

the court finds that defendant did not violate the insurance policy issued to Mercer Raceway by refusing to defend Plaintiff. Therefore, plaintiff's motion for summary judgment is denied.

Based upon the foregoing conclusions, this court must grant defendant's motion for summary judgment and find that defendant was not obligated to defendant plaintiff in the underlying personal injury lawsuits initiated against him. Defendant's motion for summary judgment is therefore granted.

## ORDER OF COURT

And now, March 28, 2013, with this matter being before the court on February 25, 2013 for argument on competing motions for summary judgment, filed on behalf of the parties, with Paul R. Robinson, Esquire, appearing and representing the plaintiff, and with Aaron M. Ponzo, Esquire, appearing and representing the defendant, and after having considered the arguments made by counsel as well as their respective briefs, it is hereby ordered and decreed as follows:

1. Plaintiff's motion for summary judgment is hereby denied, pursuant to the attached opinion.

2. Defendant's motion for summary judgment is granted, pursuant to the attached opinion.

3. The prothonotary shall properly serve notice of this order of court and attached opinion upon counsel of record for the parties.